ELLEN M. WALKER & ASSOCIATES, P.C.
*Attorneys for the Defendant*
747 Third Avenue    Suite 4C
New York, NY 10017
Tel: (212) 421-2111
Raymond J. Cardinali, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

WIDMARCK PAUL,

                                                    Chapter 7
                                                    Case No. 17-40017 (nhl)

                        Debtor.
-----------------------------------------------------------------X
WIDMARCK PAUL,

                        Plaintiff,                  Adv. Pro. No. 18-01099 (nhl)

            -against-

BANCO POPULAR NORTH AMERICA,


                        Defendant.
-----------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS ADVERSARY PROCEEDING**

## PRELIMINARY STATEMENT

The Complaint filed by Widmarck Paul ("Plaintiff" or "Paul") against Banco Popular North America n/k/a Popular Bank ("Defendant" or "BPNA") should be dismissed as a matter of law as it has not, and cannot, set forth any claim upon which relief may be granted. Paul seeks to recover damages from BPNA based upon BPNA's alleged actions in an entirely separate and distinct bankruptcy case (the "Corporate Bankruptcy Case") involving five corporations (the "Debtor Corporations") of which Paul is the sole shareholder, and which Corporate Bankruptcy Case pertained to property which is *NOT* part of Paul's estate herein. Paul will not be able to satisfy the required elements of the statutes upon which the Complaint is based. Additionally, Defendant should be judicially estopped from making claims or recovering damages from BPNA due to Paul's contradictory admissions made under oath in the Corporate Bankruptcy Case. Finally, BPNA seeks sanctions against Paul and Paul's attorney, as they commenced this proceeding in bad faith solely as a final gambit to obtain relief that Paul was unable to properly obtain in the now dismissed Corporate Bankruptcy Case.

## BACKGROUND

### The Corporate Bankruptcy Case

On March 21, 2014, each of the five Debtor Corporations borrowed the amount of $1,980,000.00 from the BPNA (the "Loan(s)") to refinance ten (10) New York City Taxi Medallions 4K65, 4K66, 6H73, 6H74, 6K23, 6K24, 4V20, 4V21, 7V56 and 7V57 (the "Medallions") and any of the equipment associated with the Medallions (collectively with

the Medallions, the "Collateral"). The Medallions and related equipment were admittedly at all times solely owned by the Debtor Corporations.

Upon the Debtor Corporations defaulting on the Loans, BPNA lawfully repossessed eight (8) of the ten (10) Medallions, and held a foreclosure sale at which the Medallions were sold to a third party purchaser. However, prior to the transfer of ownership of the Medallions to said purchaser, on April 21, 2015, the Debtor Corporations filed for Chapter 11 bankruptcy. Subsequently, the Corporate Debtors' bankruptcy cases were consolidated under the lead case captioned *In re: Lomax Hacking Corp., et als.*, Bankruptcy Case No. 15-41787 (nhl).

In their respective bankruptcy petitions, the Debtor Corporations scheduled, under penalties of perjury, the Medallions as property of the respective Debtor Corporations. Attached hereto as Exhibit "A" are copies of said Schedule "B" to each of the Debtor Corporations' petitions.

On May 2, 2015, the Debtor Corporations filed a motion for enforcement of Bankruptcy Code sections 542(a) and 543(b) (the "Turnover Motion"), attached hereto as Exhibit "B", seeking, among other things, turnover of the Collateral, specifically alleging that, *inter alia*, the Medallions were property of the Debtor Corporations. On May 6, 2015, BPNA filed an Objection to the Turnover Motion.

On May 11, 2015, BPNA delivered eight (8) of the ten (10) Medallions to the New York City Taxi & Limousine Commission (the "TLC").

Eventually, on July 7, 2015, BPNA and the Debtor Corporations entered into a stipulation (the "Stipulation") whereby BPNA conditionally consented to the TLC turning over the Medallions to the Debtor Corporations. The stipulation also provided for

the Debtor Corporations to, *inter alia*, make adequate protection payments to BPNA. A copy of the Stipulation is attached hereto as Exhibit "C".

On August 17, 2017, the Debtor Corporations commenced an adversary proceeding (the "Corporate Adversary Proceeding") against BPNA seeking relief similar to that which Paul seeks in his present adversary proceeding (this "Adversary Proceeding"), i.e., damages for BPNA's alleged failure to turnover the Medallions to the Debtor Corporations, instead transferring the Medallions to the TLC. However, throughout the complaint filed in the Corporate Adversary Proceeding, the Medallions are clearly referenced as belonging to the Debtor Corporations, rather than to Paul. Attached hereto as Exhibit "D" is a copy of the complaint filed in the Corporate Adversary Proceeding. Subsequently, the Corporate Adversary Proceeding was closed when the Corporate Bankruptcy Case was dismissed.

Subsequently, the Debtor Corporations repeatedly defaulted under terms of the Stipulation, and BPNA moved to dismiss the Corporate Bankruptcy Case. On or about October 12, 2017, each Corporate Bankruptcy Case was dismissed, and the Corporate Adversary Proceeding was closed.

Subsequently, on June 1, 2018, the Debtor Corporations again filed for Chapter 11 Bankruptcy under Bankruptcy Case Nos. 18-43236 (nhl), 18-43237 (nhl), 18-43238 (nhl), 18-43239 (nhl) and 18-43240 (nhl). In their respective bankruptcy petitions, the Debtor Corporations again scheduled, under penalties of perjury, the Medallions as property of the respective Debtor Corporations. Attached hereto as Exhibit "E" are copies of said Schedule "A/B" to each of the Debtor Corporations' petitions in the re-filed bankruptcy cases.

BPNA quickly moved to dismiss these bad faith re-filings and, by order dated July 8, 2018, said cases were dismissed.

### The Individual Bankruptcy Case

On January 3, 2017, Paul filed his individual bankruptcy case (the "Individual Bankruptcy Case"), originally a Chapter 11 case but later converted to a Chapter 7 case.

In Paul's petition filed in the Individual Bankruptcy Case, Paul scheduled, under penalties of perjury,  his assets at the time of petition's filing. Noticeably, Paul failed to schedule any of the Medallions or related equipment as property of his estate.  Attached hereto as Exhibit "F" is a copy of Schedule "A/B" to Paul's petition.

By bringing actions in the Corporate Bankruptcy Cases based upon the Corporate Debtors' ownership of the Medallions, and by failing to schedule the Medallions as his personal property in the Individual Bankruptcy Case, Paul has clearly admitted, under penalties of perjury, that the Medallions were the property of the Debtor Corporations and not of Paul's bankruptcy estate.

Paul now commences this Adversary Proceeding alleging that, due to BPNA's alleged failure to promptly turnover the Medallions to the Debtor Corporations in the Corporate Bankruptcy Case, that Paul individually is somehow entitled to damages.

Paul alleges that, merely due to his ownership interest in the Debtor Corporations, that Paul individually had legal and equitable interest in the Medallions, and: (1) that, due to BPNA's alleged failure to turnover the Medallions to the Debtor Corporations in the dismissed Corporate Bankruptcy Case, that Paul is entitled to damages pursuant to Bankruptcy Code section 542; (2) that, due to BPNA's transfer of eight (8) of the Medallions to the TLC in the Corporate Bankruptcy Case, that Paul is entitled to damages

pursuant to Bankruptcy Code section 362(a); and (3) that, due to BPNA's alleged actions in the dismissed Corporate Bankruptcy Case, that BPNA wrongfully converted property belonging to the Debtor Corporations' estates. However, the pleading of all three Claims in the Complaint are wholly deficient as they each fail to set forth a claim upon which relief may be granted. As to each Claim, dismissal is specifically required as follows:

1. As to Claim I, Paul cannot establish that the Medallions are property of the debtor's estate in the Individual Bankruptcy Action, which is required under Section 542 of the Bankruptcy Code;

2. As to Claim II, Paul cannot establish that the Medallions are property of the debtor's estate in the Individual Bankruptcy Action, which is required under Sections 362(a) and (k) of the Bankruptcy Code; and

3. As to Claim III, Paul cannot establish that Paul had ownership of the Medallions, which is a required element for an action for conversion.

## STANDARDS FOR DECIDING THE MOTION TO DISMISS

Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) as incorporated by Fed. R. Bankr. P. 7012 is appropriate only where it appears that a plaintiff can prove no "plausible entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), 127 S.Ct. 1955, 1967 (2007). See, e.g. *Ashcroft v. Iqbal*. 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); *Acito v. IMCERA Group, Inc.,* 47 F.3d 47, 51 (2d Cir.1995); *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1127 (2d Cir.1994). The Supreme Court stated that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* at 678. The Court went on to state,

[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The

6

> plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal,* at 1950 (internal citations omitted).

In applying *Twombly*, the Supreme Couty in *Iqbal* observed that "the pleading standard Rule 8 announces did not require 'detailed factual allegations' but it demands more than an unadorned 'the defendant unlawfully harmed me' accusation." *Iqbal*, at 1949. "Therefore, in determining whether a claim should survive a motion to dismiss, a court must first identify each element of the cause of action." *Id.* at 1947. Next, the Court "must identify the allegations that are not entitled to the 'assumptions of truth' because they are legal conclusions, not factual allegations." *Id.* at 1951. And, finally, the Court must assess the factual allegations in the context of the elements of the claim to determine whether they "plausibly suggest an entitlement to relief." *Id.*

A complaint stating a claim under Bankruptcy Code section 542(a) must allege that: (1) the property is in the possession, custody or control of another entity; (2) the property can be used in accordance with the provisions of section 363; and (3) the property has more than inconsequential value to the debtor's estate. *In re Brizinova*, 588 BR 311, 320 [Bankr. E.D.N.Y. 2018].

A complaint stating a claim based upon a violation of the automatic stay under Bankruptcy Code section 362(a) must allege that: (1) that the automatic stay was in effect at the time of the alleged violation; (2) that the property at issue was property of the estate; and (3) that the conduct in question constitutes a violation of the automatic stay. <u>*Id.*, at 334</u>[Bankr. E.D.N.Y. 2018].

A complaint stating a conversion claim must allege that: (1) the plaintiff had legal ownership or an immediate superior right of possession to a specific identifiable thing; and  (2) that the defendant exercised unauthorized dominion over the thing in question, to the exclusion of the plaintiff's rights. *In re: Estella Brizinova* 2018 WL 4677555, at 17 [Bankr. E.D.N.Y. Sept. 26, 2018].As set forth more fully below, under the applicable legal standards, the Complaint must be dismissed as a matter of law.

**ARGUMENT**

**POINT ONE**

**ASSETS OWNED BY CORPORATE ENTITIES ARE NOT PROPERTY OF AN INDIVIDUAL SHAREHOLDER'S BANKRUPTCY ESTATE**

Paul's entire claim is based upon the false premise that, since Paul held a 100% ownership interest in the Debtor Corporations, that he also owned "the property owned by the Companies including eight of the Medallions, taxicab equipment  . . . and two of the Paul's taxicabs . . ", and that Paul ". . . *personally* and through his Companies, retained a legal and equitable interest in the Medallions . . . " *Complaint*, para. 15.

In fact, Courts in New York have long recognized that there is a difference between ownership of a corporation's shares and ownership of its assets. "[T]he corporation in respect of corporate property and rights is entirely distinct from the stockholders who are the ultimate or equitable owners of its assets ... even complete ownership of capital stock does not operate to transfer the title to corporate property and ... ownership of capital stock is by no means identical with or equivalent to ownership of corporate property." *In re Brizinova*, 588 BR 311, 320 [Bankr. E.D.N.Y. 2018] citing *Brock v. Poor,* 216 N.Y. 387, 401, 111 N.E. 229 (1915).

Similarly, the Second Circuit found that under New York law, "shareholders do not hold legal title to any of the corporation's assets. Instead, the corporation - the entity itself - is vested with the title." ." *Id.*, at 320[Bankr. E.D.N.Y. 2018] citing *U.S. v. Wallach,* 935 F.2d 445, 462 (2d Cir. 1991) (*citing* 5A *Fletcher Cyclopedia of the Law of Private Corps.* § 2213, at 323 (Perm. ed. 1990) ).

"A corporation has a separate identity from its owners and, therefore, assets held by corporate entities are not property of an individual shareholder's bankruptcy estate." *Pryor v. D'Alessio (In re D'Alessio),* Case No. 8–08–72819–REG, Adv. Pro. Nos. 8–10–08187–REG and Nos. 8–12–08095–REG, 2014 WL 201871, at *9 (Bankr..E.D.N.Y. Jan. 17, 2014) (citing cases). "Rather, the ownership interest [in such corporate entities] is property of the shareholder's bankruptcy estate." *In re Dieffenbacher*, 556 BR 79, 85 [Bankr. E.D.N.Y. 2016] . "In order to include a corporation's assets into a shareholder's bankruptcy estate, it is necessary to reverse pierce the corporate veil." *Id.*

As such, despite Paul's mere ownership interest in the Debtor Corporations, the Debtor Corporations are the sole owners of the Medallions, and Paul and his estate have no ownership interest in the Medallions.

**POINT TWO**

**CLAIM I MUST BE DISMISSED AS A MATTER OF LAW AS PLAINTIFF CANNOT ESTABLISH THE REQUIRED STATUTORY ELEMENTS UNDER  11 U.S.C. SECTION 542**

A complaint stating a claim under Bankruptcy Code Section 542(a) must allege that: (1) the property is in the possession, custody or control of another entity; (2) the property can be used in accordance with the provisions of section 363; and (3) the property has more than inconsequential value to the debtor's estate. *In re Brizinova*, 588 BR 311, 320 [Bankr. E.D.N.Y. 2018].

Paul cannot satisfy, *inter alia*, the second requirement of Bankruptcy Code Section 542(a). Pursuant to Bankruptcy Code Section 541, a debtor's estate is comprised of ". . . all legal or equitable interests *of the debtor* in property as of the commencement of the case." Bankruptcy Code Section 541 (a)(1) (italics added). As set forth herein, the Medallions were not property of the debtor (Paul), but were in fact property of the Debtor Corporations. As such, Bankruptcy Code Section 542, as it applies to the Individual Bankruptcy Case, is entirely inapplicable to the Medallions and related equipment.

Paul's false allegations of having an interest in the Medallions are simply an attempt to mislead the Court.  Paul has previously admitted, under penalties of perjury, through the schedules of assets submitted in the Corporate Bankruptcy Case and signed by Paul, that the Medallions are solely property of the Debtor Corporations**.**  As such, in regard to the second required element of Bankruptcy Code Section 542, Paul cannot establish that the property in question, the Medallions, or any interest therein or claim in connection therewith, pertain to the Individual Bankruptcy Case under which this Adversary Proceeding was commenced.

Based upon the foregoing, Claim I of the Complaint must be dismissed as a matter of law.

## POINT THREE

### CLAIM II MUST BE DISMISSED AS A MATTER OF LAW AS PLAINTIFF CANNOT ESTABLISH THE REQUIRED STATUTORY ELEMENTS UNDER 11 U.S.C. SECTION 362(a)

A complaint stating a claim based upon a violation of the automatic stay under Bankruptcy Code Section 362(a) must allege that: (1) that the automatic stay was in effect at the time of the alleged violation; (2) that the property at issue was property of the estate; and (3) that the conduct in question constitutes a violation of the automatic stay. *In re Brizinova*, 588 BR 311, 334 [Bankr. E.D.N.Y. 2018].

Paul cannot *inter alia*, satisfy the second requirement of Bankruptcy Code Section 362(a). As set forth, *supra*, pursuant to Bankruptcy Code Section 541, a debtor's estate is comprised of ". . . all legal or equitable interests *of the debtor* in property as of the commencement of the case." Bankruptcy Code Section 541 (a)(1) (italics added). As set forth herein, the Medallions were not property of the debtor (Paul), but were in fact solely property of the Debtor Corporation. See discussion, *supra*. As such, Bankruptcy Code Section 362(a), as it applies to the Individual Bankruptcy Case, is entirely inapplicable to the Medallions and related equipment. As such, in regard to the second required element of Bankruptcy Code Section 362(a), Paul cannot establish that the property in question, the Medallions, or any interest therein or claim in connection therewith, pertain to the Individual Bankruptcy Case under which this Adversary Proceeding was commenced.

Based upon the foregoing, Claim II of the Complaint must be dismissed as a matter of law.

**POINT FOUR**

**CLAIM III MUST BE DISMISSED AS A MATTER OF LAW AS PLAINTIFF HAS NOT AND CANNOT ESTABLISH THE REQUIRED ELEMENTS FOR CAUSE OF ACTION FOR CONVERSION**

A complaint stating a conversion claim must allege that: (1) the plaintiff had legal ownership or an immediate superior right of possession to a specific identifiable thing; and  (2) that the defendant exercised unauthorized dominion over the thing in question, to the exclusion of the plaintiff's rights. *In re: Estella Brizinova* 2018 WL 4677555, at 17 [Bankr. E.D.N.Y. Sept. 26, 2018].

As set forth, *supra*, pursuant to Bankruptcy Code Section 541, a debtor's estate is comprised of ". . . all legal or equitable interests *of the debtor* in property as of the commencement of the case." Bankruptcy Code Section 541 (a)(1) (italics added). As set forth herein, the Medallions were not property of the debtor (Paul), but were in fact solely property of the Debtor Corporations. See discussion, *supra*. Clearly, in regard to the first required element for a conversion claim, Paul cannot establish that he had legal ownership or an immediate superior right of possession to the Medallions. As such, Paul cannot establish that the property in question, the Medallions, or any interest therein or claim in connection therewith, pertain to the Individual Bankruptcy Case under which this Adversary Proceeding was commenced.

Based upon the foregoing, Claim III of the Complaint must be dismissed as a matter of law.

<u>**POINT FIVE**</u>

**PLAINTIFF SHOULD BE JUDICIALLY ESTOPPED
<u>FROM PROCEEDING WITH HIS CLAIMS</u>**

"A party invoking [the judicial estoppel] doctrine 'must show that (1) the party against whom judicial estoppel is being asserted advanced an inconsistent factual position in a prior proceeding, and (2) the prior inconsistent position was adopted by the first court in some manner.' *In re DeFlora Lake Dev. Assoc., Inc.*, 571 BR 587, 599 [Bankr. S.D.N.Y. 2017].

Judicial estoppel "prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by [that party] in a prior legal proceeding." *Bates v. Long Island R.R. Co.,* 997 F.2d 1028, 1037 (2d Cir.), *cert. denied,* 510 U.S. 992, 114 S.Ct. 550, 126 L.Ed.2d 452 (1993). It is intended to "protect the sanctity of the oath and the integrity of the judicial process ... by avoiding the risk of inconsistent results in two proceedings." *Id.* (citation omitted); *accord Rosenshein v. Kleban,* 918 F.Supp. 98, 104 (S.D.N.Y.1996) ( "Judicial estoppel is invoked ... to prevent the party from playing fast and loose with the courts, and to protect the essential integrity of the judicial process"); *In re Venture Mortg. Fund, L.P.*, 245 BR 460, 471 [Bankr. S.D.N.Y. 2000], *subsequently affd,* 282 F3d 185 [2d Cir 2002].

The Court must review both the Complaint as well as the Debtor Corporations' filings in the Corporate Bankruptcy Case, including the Corporate Adversary Proceeding, and Paul's filings in his Individual Bankruptcy Case in order to determine if Paul should be judicially estopped with proceeding with his claims herein.

The Court must look at the allegations in the complaint, but may also consider matters of which the Court may take judicial notice, including matters of public record. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (explaining that, when ruling on a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir. 1991). The court may also "consider documents incorporated by reference in the complaint and documents upon which a complaint relies heavily." *In re Citigroup ERISA Litig.*, 662 F.3d 128, 136 (2d Cir. 2011).

The Complaint and the claims therein are based entirely on the facts and proceedings of the Corporate Bankruptcy Case, and the Court may therefore consider the filings made in the Corporate Bankruptcy Case.

In the Corporate Bankruptcy Case, the Debtor Corporation asserted in their respective schedules, under penalties of perjury and signed by Paul, that they owned the Medallions. In fact, the primary purpose for the Debtor Corporations filing the Corporate Bankruptcy Case was to try and protect their respective interests in the Medallions. Consistent with the Debtor Corporations' position that they owned the Medallions, the Debtor Corporations filed the Turnover Motion and the Corporate Adversary Proceeding in the Corporate Bankruptcy Case in order to, *inter alia*, obtain possession of the Medallions. Finally, the Debtor Corporations entered into the Stipulation with BPNA, which Stipulation was so ordered by the Court.

In contrast, in Paul's petition filed in the Individual Bankruptcy Case, Paul failed to schedule any of the Medallions or related equipment as his assets at the time of the petition's filing.

By bringing actions in the Corporate Bankruptcy Case based upon the Corporate Debtors' ownership of the Medallions, and by failing to schedule the Medallions as his personal property in the Individual Bankruptcy Case, Paul has clearly admitted that the Medallions were the property of the Debtor Corporations. Now, in this proceeding, Paul asserts for the first time that, allegedly due to his mere ownership interest in the Debtor Corporations, that Paul somehow had legal and equitable interest in the Medallions.

Clearly, Paul advanced an inconsistent factual position in a prior proceeding. Additionally, by so ordering the Stipulation, the Court in the Corporate Bankruptcy Case adopted such prior inconsistent position. As such, Paul should be judicially estopped from proceeding herein, and the Complaint must be dismissed.

## POINT SIX

## PLAINTIFF AND HIS ATTORNEY SHOULD BE
## SANCTIONED DUE TO THEIR VIOLATION OF FRCP RULE 11

Pursuant to Fed.R.Civ.P. 11, an attorney or a party's signature on pleadings, motions, and other papers certifies that such paper is "well grounded in fact and is warranted by existing law ... and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Civ.P. 11; Bankruptcy Rule 9011. If such rule is violated, sanctions "shall" be imposed. *Id.* The inclusion of the word "shall" makes the imposition of sanctions

mandatory where the Rule has been violated. *In re W.T. Grant Co.*, 85 BR 243, 248 [Bankr. S.D.N.Y. 1988].

In the instant case, both Paul and his attorney were fully aware of the Corporate Bankruptcy Case, that the Debtor Corporations had asserted their ownership of the Medallions in the schedules submitted in connection therewith and that Paul failed to schedule any legal ownership interest in the Medallions or related equipment in his Individual Bankruptcy Case.

Additionally, the issue of BPNA's alleged failure to turnover the Medallions to the Debtor Corporation was specifically addressed in and determined by the Stipulation. Although the Stipulation provides that the parties reserved their rights as to the issues raised therein, said issues should have been properly addressed in the now dismissed Corporate Bankruptcy Case.

The instant proceeding, based upon the frivolous argument that Paul owns the Medallions, is clearly Paul's last chance attempt to obtain relief that he was unable to properly obtain in the dismissed Corporate Bankruptcy Case.  As such, this proceeding was commenced in bad faith to harass, cause unnecessary delay, or needlessly increase the cost of litigation, and this Court should impose sanctions on Paul and his attorney in an amount to be determined.

## CONCLUSION

As set forth herein, Paul cannot satisfy the necessary elements of his claims for damages for violation of Bankruptcy Code Sections 542 or 362(a) or for conversion. Additionally, for the reasons set forth herein, Paul should be judicially estopped from proceeding with his claims herein. Finally, due to Paul's and his attorney's violation of

FRCP Rule 11 by commencing this bad faith Adversary Proceeding, BPNA is entitled to

sanctions in an amount to be determined.

Based upon the foregoing, BPNA respectfully submits that the Complaint should

be dismissed as a matter of law and BPNA awarded costs and sanctions, together with

such other and further relief as is just and proper.

Dated:  New York, New York
           October 25, 2018


                         ELLEN M. WALKER & ASSOCIATES, P.C.
                         Attorneys for the Defendant
                         747 Third Avenue    Suite 4C
                         New York, NY 10017
                         Tel: (212) 421-2111


                              */s/ Raymond J. Cardinali*
                         By: _____
                              RAYMOND J. CARDINALI