# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
_____

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Lomax Hacking Corp. *et al*., | ) | Case No. 1-15-41787-nhl |
|  | ) |  |
| *Debtor*. | ) | Jointly Administered |
| _____ | ) |  |

**SO ORDERED STIPULATION WITH RESPECT TO DEBTORS' MOTION FOR**
**ENFORCEMENT OF BANKRUPTCY CODE SECTIONS 542(a) AND 543(b)**

WHEREAS, Lomax Hacking Corp., Loup Hacking Corp., Phanero Hacking Corp., Sice Mois Hacking Corp., and Topush Hacking Corp. (collectively, the "Debtors") commenced these chapter 11 cases (the "Bankruptcy Cases") before the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") on April 21, 2015 (the "Petition Date");

WHEREAS, prior to the Petition Date, on March 21, 2014, each individual Debtor borrowed the amount of $1,980,000.00 from Doral Bank (the "Loans") to refinance ten New York City taxi mini-fleet medallions (## 4K65, 4K66, 6H73, 6H74, 6K23, 6K24, 4V20, 4V21, 7V56 and 7V57, the "Medallions") issued by the New York City Taxi and Limousine Commission (the "TLC");

WHEREAS, in connection with the Loans, each Debtor granted Doral Bank a security interest in, among other things, the Medallions, certain taxicabs and the taxicab equipment associated with the Medallions (collectively, the "Collateral");

WHEREAS, as of the Petition Date, Banco Popular North America ("Banco Popular"), the successor-in-interest to Doral Bank, was in possession, custody, or control of eight Medallions, related taxicab equipment (including meters and rate cards, the "Equipment), and two taxicab vehicles (the "Vehicles");

WHEREAS, on May 2, 2015, the Debtors filed the *Debtors' Motion for Enforcement of Bankruptcy Code Sections 542(a) and 543(b)* (docket no. 11, the "Turnover Motion"), seeking, among

other things, turnover of the Collateral;

WHEREAS, on May 6, 2015, Banco Popular North America ("Banco Popular") filed the *Objection of Banco Popular North America to Motion for Turnover* (docket no. 16, the "Objection");

WHEREAS, on May 11, 2015, Banco Popular delivered eight of the Medallions to the TLC;

WHEREAS, on May 12, 2015, the Debtors filed the *Debtors' Response to Objection of Banco Popular North America to Motion for Turnover* (docket no. 26, the "Response");

WHEREAS, on June 12, 2015, the Debtors and Banco Popular each filed a supplemental memorandum of law with respect to the issues raised in the Turnover Motion, the Objection and the Rely (docket nos. 35 and 36, the "Memoranda of Law");

NOW THEREFORE, in consideration of the mutual promises contained herein, the Debtors and Banco Popular hereby agree as follows:

1. Banco Popular consents to the TLC turning over and releasing the Medallions to the Debtors and/or a licensed taxicab management company designated by the Debtors (a "Management Company"); *provided that*, before the TLC turns over and releases any Medallion to the Debtors, the Debtors shall provide Banco Popular with evidence, for each medallion released, of (i) the vehicle intended to be used has been TLC approved to be "hacked up"; (ii) insurance having been paid for each such vehicle; (iii) workers compensation insurance; (iv) a copy of each management contract agreement, and (v) all other applicable TLC regulations have been met. The Debtors shall also provide proof of insurance to the Office of the United States Trustee.

2. Within three (3) days after date the Bankruptcy Court enters this So Ordered Stipulation, Banco Popular shall turn over the Taxicab Equipment and the Vehicles to the Debtors, at a location reasonably designated by the Debtors.

3. Within sixty (60) days after date the Bankruptcy Court enters this So Ordered Stipulation, each Debtor shall commence making post-petition payments to Banco Popular in the amount

of **$2,200.00 per month per Medallion** ($22,000.00 in the aggregate), in good funds, as adequate protection for Banco Popular's interests in the Medallions (the "Adequate Protection Payments"); *provided that*, in the event the Debtors enter into a management agreement with respect to one or more of the Medallions, and the Management Company makes the first payment under such agreement prior to sixty days after date the Bankruptcy Court enters this So Ordered Stipulation, then the Adequate Protection Payments on account of such managed Medallions shall commence on the day following the date of such first payment by the Management Company. Adequate Protection Payments shall be received by Banco Popular every thirty (30) days thereafter on the same date each month after the first payment is made.

4. An event of default shall occur if an Adequate Protection Payment in good funds is not received by Banco Popular on the date the same is due. Banco Popular shall provide written notice of such default to the Debtors and the Office of the United States Trustee. If an event of default occurs and is not cured within two (2) business days, the Debtors shall, within forty-eight (48) hours thereafter, place the Medallions in storage with the TLC, and remove the taxicabs from further street use.

5. The Debtors shall provide the Bankruptcy Court, the United States Trustee, and Banco Popular with monthly disclosure of all revenues, disbursements and expenditures with respect to the Medallions, in connection with the Debtors' monthly operating reports, or upon demand by Banco Popular. Further the Debtors will provide any other such information reasonably requested by the Banco Popular and/or its regulators.

6. The Parties hereby reserve all of their rights with respect to the issues raised in the Turnover Motion, the Objection, the Response, and the Memoranda of Law; nothing herein shall be deemed a waiver of such rights.

7. Banco Popular hereby reserves all rights to seek additional Adequate Protection Payments, and the Debtors reserve all rights to oppose such relief; nothing herein shall be deemed a waiver of such rights.

**AGREED**, this 3rd day of July, 2015.

| | |
|---|---|
| LOMAX HACKING CORP.,<br>LOUP HACKING CORP.,<br>PHANERO HACKING CORP.,<br>SICE MOIS HACKING CORP.,<br>TOPUSH HACKING CORP. | BANCO POPULAR NORTH AMERICA |
| /s/ Widmarck Paul<br>By: Widmarck Paul, President | /s/ Kenneth DiGregorio<br>By: Kenneth R. DiGregorio, Vice-President |

**SO ORDERED**

**Dated: July 7, 2015**
**Brooklyn, New York**

**Nancy Hershey Lord**
**United States Bankruptcy Judge**